STEVEN W. MYHRE
Acting United States Attorney
CARLA B. HIGGINBOTHAM (NSBN 8495)
Assistant United States Attorney
100 W. Liberty Street, Ste. 600
Reno, NV 89501
Telephone: (775) 784-5438
Email: Carla.higginbotham@usdoj.gov

Attorneys for the United States

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 3:17-cr-00079-MMD-VPC |
| Plaintiff, | AGREEMENT RE: SEIZURE AND VOLUNTARY TRANSFER OF FORFEITABLE PROPERTY TO U.S. MARSHAL'S |
| vs. | |
| KENNETH GILBERT GIBSON, | |
| Defendants. | |

It is hereby stipulated and agreed, by and between STEVEN W. MYHRE, Acting United States Attorney, and CARLA B. HIGGINBOTHAM, Assistant United States Attorney, counsel for the United States, and Defendant KENNETH GILBERT GIBSON ("Defendant"), and his counsel, LAUREN GORMAN, to the following:

1. Defendant is charged in a thirty-five count indictment with: 1) ten counts of wire fraud in violation 18 U.S.C. § 1343; (2) three counts of mail fraud in violation of 18 U.S.C. § 1341; (3) ten-counts of bank fraud in violation of 18 U.S.C. § 1344; (4) six counts of access device fraud in violation of 18 U.S.C. § 1029(a)(2); and, (6) six counts of aggravated identity theft in violation of 18 U.S.C. § 1028A. (ECF No. 1). This case arises out of Defendant's alleged use of stolen identities to create fraudulent and unauthorized online payment and credit accounts that he used to transfer money to bank accounts and prepaid debit and credit cards that he either owned or controlled.

2. The Indictment identifies certain property and assets that are subject to forfeiture pursuant to the illegal conduct alleged in the Indictment.

1

3. Defendant and the United States agree the additional property, described below, is also potentially subject to forfeiture pursuant to the illegal conduct alleged in the Indictment:

    a. $230,000 in U.S. Currency;

    b. 2012 Mastercraft X2 Ski/Wakeboard Boat, Hull No. MBC3RCJ6J112; and,

    c. 2012 Mastercraft Boat Trailer, VIN No. 19MSB222XC1D60022.

These assets and the assets identified in the Indictment will be collectively referred to herein as the "subject property."

4. Defendant acknowledges there is probable cause to establish the subject property is potentially forfeitable based on the charges in the Indictment.

5. In lieu of a seizure warrant or other judicial process, Defendant agrees to the transfer of custody of the subject property to the United States Marshals Service ("USMS"). To the extent Defendant cannot personally effect the transfer of any item, Defendant agrees to the seizure of these assets by the USMS or other law enforcement officers involved in this case and to assist, as needed, in making those assets available for that purpose. As to the United States currency described in Paragraph 3(a) above, Defendant agrees to facilitate the transfer of the $230,000 to the Government or to provide a check in that amount payable to the USMS.

6. The parties agree the subject property will be managed and retained by the USMS in accordance with their policies and procedures. The parties further agree the subject property will remain in the custody and control of the USMS until further order of court or the entry of a judgment in this case.

///
///
///
///
///
///
///
///

7. Finally, the parties agree the transfer of the subject property to the USMS is without prejudice to either party's interests in these criminal proceedings and should not be construed as an admission by Defendant that the subject property is, in fact, forfeitable.

Dated this 9 day of November 8th, 2017

STEVEN W. MYHRE
Acting United States Attorney

*/s/ Carla B. Higginbotham*
CARLA B. HIGGINBOTHAM
Assistant United States Attorney

Dated this 17 day of October, 2017

RENEE VALLADARES
Federal Public Defender

*/s/ Lauren Gorman*
LAUREN GORMAN
Attorney for Defendant
Kenneth Gilbert Gibson

Dated this 17 day of October, 2017

*/s/ Kenneth Gilbert Gibson*
KENNETH GILBERT GIBSON
Defendant

IT IS SO ORDERED.

Dated: November 13, 2017

_____
U.S. District Judge

3